No. 38,798

Lane A. Dutton, Executor, *Appellee*, v. Nita B. Simpson, *Appellant*.

(252 P. 2d 619)

Opinion filed January 24, 1953.

O. A. *Wilson*, of Jetmore argued the cause and was on the briefs for the appellant.

R. R. *Mitchell*, of Dodge City, argued the cause and W. C. *Gould*, of Dodge City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This is an action by an executor of an estate to set aside a deed to land given by the testator to her sister. Judgment was for the plaintiff. Defendant has appealed.

The petition alleged that plaintiff was the executor of the estate of Katheryn Simpson and defendant was the beneficiary under will. Katheryn Simpson in her lifetime owned a described half section of land and on June 19, 1950, executed a deed to it to Nita B. Simpson; that Nita paid no consideration for it and at the time of the conveyance Katheryn was mentally incompetent to make contracts and was totally unaware of the effect and consequences of a deed. The plaintiff in the petition requested that the petition be

certified to the district court for trial and alleged there was a bona fide controversy between the defendant Nita and the transfer was not sought for delay.

The prayer was that the deed be set aside and that the title to the real estate be vested in the plaintiff executor.

In her answer defendant Nita Simpson admitted the execution of the deed; the answer then pleaded a general denial and denied specifically that Katheryn at the time she executed the deed was mentally incompetent but on the other hand alleged that she was totally aware of the consequences and fully understood her act.

The trial court found the allegations of the petition were true and specifically that on June 19, 1950, Katheryn was mentally incompetent to understand the effect of a deed, which she signed on that day conveying to Nita the land in question.

In due time defendant filed a motion for a new trial on five grounds. When the motion was presented to the trial court counsel for defendant announced that his request for special findings and conclusions had been abandoned and defendant stood upon her fifth ground for a new trial. This ground was that the judgment and decision were wholly contrary to the evidence. This motion for a new trial was overruled and judgment was entered setting aside the deed, ordering Nita to convey the property to the executor, Lane A. Dutton and providing upon Nita's failure so to do the judgment should constitute a conveyance.

The sole specification of error is that the trial court erred in rendering judgment for the plaintiff by reason of the fact there was no substantial competent evidence to sustain such judgment.

If there was substantial evidence to sustain the judgment it must be affirmed. The question was the mental condition of Katheryn Simpson on June 19, 1950.

No good purpose would be served by detailing all the evidence in this record. The doctor who had taken care of Katheryn testified he saw her every day from May 19, 1950, until June 8, 1950. She had an arteriosclerotic heart and generalized arteriosclerosis with senility. After she left the hospital he made daily house visits from June 10 until June 20, 1950. She died on October 16. In answer to questions he testified as follows:

"Q. You were familiar with her mental and physical condition on the 19th day of June, 1950? A. Yes, sir.

"Q. Would you have an opinion, Dr. Ohman—you may answer this yes or no—as to whether or not Mrs. Katheryn or Katy Simpson on the 19th day of June, 1950, had the mental capacity to understand the nature and effect of a

contract or a deed? Do you have an opinion? A. Could I qualify that a little bit?

"Q. Go ahead. A. I think everybody in this room knew Mrs. Simpson very well. For a long time, as I say, I saw Mrs. Simpson daily in the office. She used to come in to get a shot of insulin and she'd go out. She just came and went. And she was no different there in the office than what she was at any other time. I know that Mrs. Simpson for quite some time before the time that she became actually sick and in the hospital carried on a lot of business affairs, but I personally do not believe that she was competent to carry them on. I certainly would have hated to have had her carrying on a business of mine.

"Q. Then in your opinion, on the 19th day of June, 1950, she did not understand the effect of this deed? A. I do not think so."

The lawyer who prepared the deed and took it to her home so she could sign it testified as follows:

"Q. Mr. Waite, from what occurred on the 19th day of June, 1950, in the home of Mrs. Katheryn Simpson and from that you learned by prompt investigation thereafter, do you now have an opinion as to whether or not Katheryn Simpson at the time she signed the instrument comprehended its effect and nature? A. Yes, I have.

"Q. What is your opinion? A. Based on the things which you have said, it is my opinion that she did not comprehend the legal effect of her act."

There were other circumstances, however, if the trial court believed these two witnesses, which it had a right to do, there was substantial evidence of her lack of mental capacity to make the deed on June 19, 1950.

The judgment of the trial court is affirmed.